IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUTHENTIDATE HOLDING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| MY HEALTH, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Authentidate Holding Corp. ("Authentidate®") herby asserts the following claims against Defendant My Health, Inc., a Delaware Corporation ("My Health" and/or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.      This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. et seq. and the Patent Laws of the United States, 35 U.S.C. § 1, et seq. Authentidate® seeks a declaration of non-infringement and invalidity of U.S. Patent No. 6,612,985 B2 (the "'985 Patent" or the "Patent-In-Suit"). A true and correct copy of the '985 Patent is attached hereto as Exhibit A.

## THE PARTIES

2.      Plaintiff Authentidate® is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 300 Connell Drive, Suite 5100, Berkley Heights, NJ 07922.

3.      On information and belief, Defendant My Health is a corporation duly organized and existing under the laws of the State of Delaware with places of business at 555 Bryant Street, Suite #715, Palo Alto, CA 94301 and 70001 W. Parker Road, Plano, TX 75093.

## JURISDICTION AND VENUE

4.      On information and belief, Defendant My Health is a Delaware Corporation registered to do business within the State of Delaware and has a registered agent within the State, National Corporate Research, Ltd., located at 615 South DuPont Highway, Dover, DE 19901.

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Defendant My Health is subject to personal jurisdiction in this judicial district because, on information and belief, it is a Delaware corporation registered to do business within the State of Delaware and it has a designated agent within the State of Delaware.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because My Health is a corporation organized and existing under the laws of the State of Delaware and resides in this judicial district pursuant to § 1391(c).

## FACTS

8.      Authentidate® is a provider of software and patient monitoring products that enable providers, payers and facilities to care for patients outside of a hospital in real-time. Authentidate's® care coordination solutions ensure that patients stay healthy, stick to their care plans, and avoid costly hospital re-admissions and ER visits.

9.      Authentidate® products include: Inscrybe Hospital Discharge – a patient placement and discharge optimization tool, InscrybeMD Electronic House Call and IVR – remote patient monitoring via stand-alone device or Interactive Voice Response and Inscrybe Healthcare – a referral management and document tracking solution.

2

## DEFENDANT HAS THREATENED THE REMOTE
## PATIENT MONITORING INDUSTRY

10.     On or about April 23, 2012 Defendant My Health and The University of Rochester filed an action for patent infringement of the '985 patent against ZeOmega Inc., in the Eastern District of Texas (the "ZeOmega Litigation").   ZeOmega purports to be a leading provider of software for integrated health care management. The ZeOmega Litigation was dismissed on January 24, 2013, approximately 9 months after being filed.

11.     On or about February 15, 2013, less than one month after the settlement and dismissal of the ZeOmega litigation, Defendant My Health and The University of Rochester filed five (5) actions in the Eastern District of Texas (the "Texas Actions") alleging infringement of the '985 Patent against others involved in the health monitoring business.

12.     My Health and The University of Rochester filed suit against CardioCom, LLC (2:13-cv-00136), Click4Care, Inc. (2:13-cv-00137), GenerationOne, Inc. (2:13-cv-00138), Honeywell HomMed, LLC (2:13-cv-00139), and Philips Medical Systems North America, Inc., (2:13-cv-00140), respectively.

13.     In Civil Action No. 2:13-cv-00136, My Health and The University of Rochester allege *inter alia* that CardioCom infringes the '985 patent because CardioCom, either alone or in conjunction with others, is making, using, selling and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to CardioCom's Commander, Commander Flex and Omnivisor products.

14.     On information and belief, Cardiocom LLC provides home telemonitoring products and services including nurse call center services, telehealth systems and remote patient monitoring products and services. CardioCom's Commander, Commander Flex and Omnivisor products provide for an array of telehealth monitoring and remote patient management systems.

3

15.     On information and belief, on April 16, 2013, CardioCom, LLC filed a motion to transfer venue from the Eastern District of Texas to the District of Minnesota.

16.     In Civil Action No. 2:13-cv-00137, My Health and The University of Rochester allege *inter alia* that Click4Care, Inc. infringes the '985 patent because Click4Care, either alone or in conjunction with others, is making, using, selling and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to Click4Care's Member Portal, Our Care Pathway assessments, and The ThinkMetrix module.

17.     On information and belief, Click4Care, Inc. is a software company that provides integrated health-care management products and services, primarily to insurers, health plans, and other third-party administrators, but not directly to health-care providers or patients.

18.     On information and belief, on May 31, 2013, Click4Care, Inc. filed a motion to transfer venue from the Eastern District of Texas to the Southern District of Ohio.

19.     In Civil Action No. 2:13-cv-00138, My Health and The University of Rochester allege *inter alia* that GenerationOne, Inc., infringes the '985 patent because GenerationOne, Inc., either alone or in conjunction with others, is making, using, selling and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to GenerationOne, Inc., GenerationOne Mobile Solution.

20.     On information and belief GenerationOne, Inc., provides mobile health monitoring solutions and allows patients to keep connected with physicians and caregivers. On information and belief, GenerationOne's Mobile Solution allows a patient to capture medical information through a mobile device, and then the data is immediately available to the patient and the community of care. On information and belief, through the Mobile Solution, the Patient

4

can provide their physician and other caregivers access to critical information that will help them understand the patient's health routine and track the progress.

21.    On information and belief, on May 29, 2013, GenerationOne, Inc. filed a motion to transfer venue from the Eastern District of Texas to the Eastern District of Michigan.

22.    In Civil Action No. 2:13-cv-00139, My Health and The University of Rochester allege *inter alia* that Honeywell HomMed, LLC infringes the '985 patent because Honeywell HomMed, LLC, either alone or in conjunction with others, is making, using, selling and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to Honeywell Homed's LifeStream Remote Patient Care System.

23.    On information and belief, Honeywell HomMed, LLC, provides advanced telehealth systems that can be easily used where patients live, work and play allowing them to lead productive, uninterrupted lives. On information and belief, HomMed LifeStream Remote solutions provides clinicians with easy and efficient monitoring backed by excellent support and industry-leading expertise.  On information and belief, the LifeStream Remote Patient Care System was designed to improve patient care and management while improving clinical workflows through the integration of telehealth and telecare data in a single view. On information and belief, the LifeStream Manager provides flexible, customizable care delivery solutions that help improve ease of use, and quality of care and allows Care Providers to schedule and customize when and where patient biometrics are collected, ask specific questions, and provide relevant education to the patient.

24.    In Civil Action No. 2:13-cv-00140, My Health and The University of Rochester allege *inter alia* that Philips Electronics North America Corporation infringes the '985 patent because Philips Electronics North America Corporation, either alone or in conjunction

with others, is making, using, selling and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to Honeywell Philips Remote Patient Monitoring Systems.

25.     On information and belief Philips Electronics North America Corporation offers Philips Remote Patient Monitoring Systems.

26.     On information and belief, all of the defendants in the Texas Actions are engaged in similar and related fields to Authentidate® and all provide at least remote health care management and remote patient monitoring systems and solutions.

### MY HEALTH'S ACTIONS AGAINST PLAINTIFF

27.     On or about August 23, 2013, Patent Licensing Alliance ("PLA") on behalf of My Health sent a letter to Authentidate® regarding alleged infringement of the '985 patent by Authentidate® (the "August Letter").

28.     PLA identifies itself in its LinkedIn® page as a "patent licensing firm working with inventors and patent owners to protect their intellectual property against infringement." PLA purports to be a "resource to work out licensing deals in a business setting, usually avoiding costly litigation." PLA states that it is not a law firm.

29.     The August Letter unambiguously asserts that My Health "is *the* exclusive licensee" of the '985 patent and that My Health believes that the Authentidate® products utilize the technology claimed and disclosed in the '985 patent.  Specifically, the August Letter states that My Health through PLA has "thoroughly reviewed your [Authentidate] ExpressMD Electronic House Call, IVR and Web Application products and believe that they utilize the technology claimed and disclosed in the Remote Monitoring Patent [the '985 Patent]."

30.     In the August Letter My Health through PLA threatened Authentidate® with litigation and stated that My Health has a concerted enforcement effort and "has been active

6

enforcing its intellectual property rights; it [My Health] has and continues to bring cases in the Federal District Court for the Eastern District of Texas."

31.    Further, in the August Letter My Health through PLA implied that Authentidate® required a license under the '985 patent "for all of your uses," and set a deadline to respond within seven (7) days from receipt of the Letter.

32.    On or about September 2013, My Health provided Authentidate® with infringement claim charts (the "Charts") mapping out My Health's position regarding infringement by Authentidate's® products of the '985 patent.

33.    In the Charts, My Health unambiguously detailed its infringement contentions regarding the Authentidate® products and created a reasonable apprehension and substantial likelihood that if Authentidate® does not pay for and agree to enter into a license with My Health, My Health will file a claim for infringement of the '985 patent.

## THE '985 PATENT

34.    United States Patent No. 6,612,985 B2, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003, from U.S. Patent Application No. 09/793,191 filed February 26, 2001. A true and accurate copy is attached as Exhibit A.

35.    Upon information and belief, on or about April 23, 2001, the listed inventors Michel E. Eiffert and Lisa C. Schwartz, assigned their interests to The University of Rochester.

36.    Upon information and belief, on August 1, 2008, The University of Rochester granted an exclusive license under the '985 patent to My Health. The exclusive license included the right to sue for and recover all past, present and future damages for infringement.

37.     My Health has averred in the Texas Actions that it is the exclusive licensee of the '985 patent, including the right to sue for and recover all past, present and future damages for infringement of the '985 patent.

38.     On or about April 23, 2012, My Health began a campaign to enforce its alleged Remote Monitoring Patent rights against the home health monitoring industry.

39.     My Health through its actions against Plaintiff specifically, and the remote patient monitoring industry as a whole, evidences a willingness to enforce intellectual property rights in this technology.  The threat of suit by My Health seeking damages for infringement of the '985 patent is an imminent injury caused by the Defendant that can be redressed by judicial relief, and that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,612,985 B2

40.     The allegations of paragraphs 1-39 of this Complaint are incorporated by reference as though set forth in full herein.

41.     Defendant has filed suit against others in the industry in the Eastern District of Texas for allegedly infringing the '985 patent.

42.     Defendant has made clear allegations that Authentidate® is using the technology embodied in the '985 patent without a license or other authorization.

43.     Authentidate® has not infringed and does not directly or indirectly infringe any valid and enforceable claim of the '985 patent, either literally or under the doctrine of equivalents, because none of its products and services practice any valid and enforceable claim of the '985 patent.

8

44.     The allegations of infringement against Authentidate® have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '985 patent. A valid and justiciable controversy has arisen and exists between Authentidate® and My Health within the meaning of 28 U.S.C. § 2201.

45.     A judicial declaration of non-infringement is necessary and appropriate so that Authentidate® may ascertain its rights regarding the '985 Patent.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,612,985 B2

46.     The allegations of paragraphs 1-39 of this Complaint are incorporated by reference as though set forth in full herein.

47.     The charge of alleged infringement against Authentidate® has created a substantial, immediate, and real controversy between the parties as to the validity of the '985 patent.

48.     One or more claims of the '985 patent are invalid because they fail to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

49.     A valid and justiciable controversy has arisen and exists between Authentidate® on the one hand and Defendant on the other, within the meaning of 28 U.S.C. § 2201.

50.     A judicial declaration of invalidity is necessary and appropriate so that Authentidate® may ascertain its rights regarding the '985 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Authentidate® prays for a declaration from this Court and judgment as follows:

1.    That Authentidate® does not infringe any of the claims of the '985 patent;

2.    That each and every claim of the '985 patent is invalid;

3.    That this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Authentidate® to an award of reasonable attorneys' fees, expenses, and costs in this action; and

4.    For such other and further relief as this Court deems just, reasonable, and proper.

## JURY DEMAND

Plaintiff Authentidate® demands a trial by jury on all issues triable by a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*Karen Jacobs*

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
jtigan@mnat.com
  *Attorneys for Plaintiff*
  *Authentidate Holding Corp.*

OF COUNSEL:

Mark L. Hogge
DENTONS US LLP
1301 K Street, N.W.
Suite 600
Washington, D.C. 2005
(202) 408-6400

Joel N. Bock
Andrew Grodin
DENTONS US LLP
101 JFK Parkway
Short Hills, NJ 07078
(973) 912-7100

September 26, 2013